**EXHIBIT B**

City of New York Exhibit A

1. People v. Murphy, 109 A.D.2d 895 (2d Dep't 1985)(prosecutor failed to timely disclose Brady material);

2. People v. Perez, 65 N.Y.2d 154 (1985)(prosecutor committed Rosario violation by failing to disclose documentation indicating key witness accepted bribe);

3. People v. Gairy, 116 A.D.2d 733 (2d Dep't 1986)(prosecutor failed to timely disclose Brady material);

4. People v. Ranghellei 69 N.Y.2d 56 (1988)(DA failed to obtain and disclose Rosario material; conviction reversed);

5. People v. Lugo, 153 A.D.2d 761 (2d Dep't 1989)(prosecutor's suppression of Rosario material required reversal of conviction);

6. People v. Cortez, 149 Misc.2d 886 (Sup. Ct., Kings Co. 1990)(police violated Brady by violating court order and intentionally destroying tape containing impeachment material; DA "shared responsibility"; indictment dismissed);

7. People v. Nedrick, 166 A.D.2d 725 (2d Dep't 1990) (failure to disclose tape-recorded impeachment material);

8. People v. Anderson, 160 A.D.2d 806 (2d Dep't 1990)(prosecutor failed to timely disclose impeachment material);

9. People v. Brazzeal, 172 A.D.2d 757 (2d Dep't 1991) (prosecutor gave an improper and prejudicial summation);

10. People v. Faison, 176 A.D.2d 752 (2d Dep't 1991)(prosecutor belatedly disclosed witness' prior statement);

11. People v. Crespo, 188 A.D.2d 483 (2d Dep't 1992)(mistrial granted due to prosecutor's Brady violation);

12. People v. Brownt 187 A.D.2d 437 (2d Dep't 1992)(trial court sanctioned prosecutor for Brady violation);

13. Peoplev. Young, 155 Misc.2d 878 (Sup. Ct. Kings Co. 1992), on remand from, 79 N.Y.2d 365 (1992)(failure to disclose impeachment material required new trial; hearing court condemned prosecution for tailoring testimony);

14. Walker v. City of New York, 974 F.2d 293 (2d Cir. 1992)(court upheld Monell claim Case 1:ll-cv-00766-FB-RML Document 1-3 Filed 02/16/11 Page 8 of 11 PageID #: 207 against City of New York for unlawful policies of Brooklyn D.A.'s Office that allegedly

resulted in withholding of Brady material causing plaintiff's wrongful conviction and 18-year imprisonment [City settled for $3.5 million]);

15. People v. DonaldGiddings,2/21/92 NYLJ 25 (col. 1)(Sup. Ct., Kings Co. February 21, 1992)(prosecutor's failure to disclose witness's prior inconsistent statements required conviction to be vacated);

16. People v. Cecorat 186 A.D.2d 215 (2d Dep't 1992)(failure to disclose ADA interview notes with arresting officer containing potential impeachment);

17. People v. Hughes, 181 A.D.2d 132 (2d Dep't 1992)(hearing required regarding failure to disclose exculpatory police report);

18. People v. Jnswood, 180 A.D.2d 649 (2d Dep't 1992)(DA's failure to turn over Brady material was error);

19. People v. Jackson, 198 A.D.2d 301 (2d Dep't 1993), affirming 154 Misc.2d 718 (Sup. Ct., Kings County. 1992)(prosecutors failed to timely disclose exculpatory statements; conviction reversed);

20. People v. Stevens, 199 A.D.2d 441 (2d Dep't 1993 )(Rosario material "improperly" withheld as well as Brady material; prejudice not sufficient to require reversal);

21. People v. Khadaidi, 201 A.D.2d 585 (2d Dep't 1994)(conviction reversed for DA's failure to disclose prosecutor's interview notes with complainant containing a prior inconsistent statement);

22. People v. Alvarado, 201 A.D.2d 486 (2d Dep't 1994)(police reports containing impeachment material not disclosed, conviction reversed);

23. People v. Barnes ,200 A.D.2d 751 (2d Dep't 1994)(prosecutor did not record and did not disclose eyewitness's recantation; conviction not reversed because eyewitness ultimately recanted on the witness stand and was adequately cross-examined);

24. People v. Bramble,207 A.D.2d 407 (2d Dep't 1994)(sanctions upheld for prosecution's failure to preserve police audiotapes notwithstanding defense discovery request);

25. People v. Roberts ,203 A.D.2d 600 (2d Dep't 1994)(DA delayed one year in disclosing exculpatory witness statement, by which time witness was unavailable; conviction reversed);

26. People v. Neptuney 161 Misc.2d 781 (Sup. Ct. Kings County 1994)(Gerges, J.)(court ruled D.A.'s Office acted unethically by improperly using invalid subpoena to cause a witness to appear for an interview at the D.A.'s office);

27. People v. Scott, 216 A.D.2d 592 (2d Dep't 1995)(DA suppressed reports, including polygraph results indicating key witness was withholding information);

28. People v. Ramos, 166 Misc.2d 515 (Sup. Ct. Kings Co. 1995)(due to DA's policy of not taking notes of witness interviews, trial assistant not aware that previous assigned prosecutors interviewed complainant and possibly obtained information the court had required the People to disclose to the defense; conviction vacated on due process grounds);

29. People v. Rahman, 231 A,D.2d 745 (2d Dep't 1996)(matter remitted for hearing concerning prosecution's apparent improper withholding of witness's cooperation agreement);

30. People v. Perkins, 227 A.D.2d 572 (2d Dep't 1996)(prosecutor failed to disclose cooperation agreement as required with witness);

31. People v. Scott, 88 N.Y.2d 888 (1996)(DA failed to disclose statement regarding polygraph result);

32. People v. Callendar, 227 A.D.2d 499 (2d Dep't 1996) (conviction reversed due to ADA's failure to turn over notes of detective's prior statement]);

33. People v. Bruce, 224 A.D.2d 438 (2d Dep't 1996)(conviction reversed for prosecutor's failure to produce police reports containing impeachment material);

34. People v. Dominic Dupont, Kings County Indictment Number 6287/97 (Feldman, J.)(court found ADA made misrepresentation by claiming Office did not possess physical evidence specifically requested by the defense);

35. People v. LaSalle, 243 A.D.2d 490 (2d Dep't 1997)(conviction reversed due to prosecutor's "blatant misrepresentation of the facts" during summation);

36. People v. Gourgue, 239 A.D.2d 357 (2d Dep't 1997) (prosecutor put notes of complainant's statements in the form of questions to "circumvent" disclosure obligation; conviction reversed);

37. People v. Hill, 244 A.D.2d 572 (2d Dep't 1997)(prosecutor sanctioned for failing to disclose 911 tape);

38. People v. Gramby, 251 A.D.3d 346 (2d Dep't 1998)(prosecutor suppressed 911 tape during pre-trial hearing and failed to disclose it before trial);

39. People v. Green, 10/19/99 N.Y.L.J, p.30, col. 1 (Sup. Ct., Kings Co., October 19, 1999)(Starkey, J.)(People failed to disclose Brady material);

40. People v. Bond, 95 N.Y.2d 840 (2000)(myriad Brady violations established at CPL 440 hearing, including failure to disclose material witness proceeding concerning principal witness; conviction reversed due to failure of D.A. to disclose prior unrecorded statements to police by People's main witness that she did not see the shooting about which she testified as an "eyewitness");

41. People v. Davis, 709 N.Y.S.2d 345 (Sup.Ct. Kings Co. 2000)(D.A.'s Office violated court's order to disclose exculpatory evidence to defense before indictment; indictment dismissed);

42. People v. Campbell, 269 A.D.2d 460 (2d Dep't 2000) (prosecutor's suppression of Rosario material, a tape-recorded statement by the complainant, required reversal of conviction);

43. People v. Calabria, 94 N.Y.2d 519 (2000)(prosecutor repeatedly defied court's ruling and made false or misleading argument to jury);

44. People v. Campos, 281 A.D.2d 638 (2d Dep't 2001)(prosecutor failed to timely disclose Brady material; prejudice not sufficient to require reversal);

45. Leka v. Portuondo, 257 F.3d 89 (2d Cir. 2001)(conviction overturned on habeas review due to ADA's suppression of Brady material; ADA additionally misled defense counsel regarding a crucial witness);

46. People v. Maddery, 282 A.D.2d 761 (2d Dep't 2001) (prosecutor's failure to disclose 911 tape before trial as required by law required reversal of conviction);

47. Boyetle v. LeFevre, 246 F.3d 78 (2d Cir. 2001)(conviction vacated on habeas review because prosecutors had suppressed numerous items of Brady material could have persuaded the jury to acquit the defendant, who had a strong alibi defense);

48. People v. Cannon, 191 Misc.2d 136 (Sup. Ct. Kings County 2002)(police failed to preserve surveillance photographs, conduct for which the D.A. is "accountable");

49. People v. King, 298 A.D.2d 530 (2d Dep't 2002)(prosecutor*s failure to disclose 911 tape before trial as required by law required conviction to be reversed);

50. People v. Jenkins, 98 N.Y.2d 280, 287-88 (2002)(Kaye, C.J., dissenting)(prosecutor's late disclosure of ballistics report "blind sided" the defense and was inexcusable);

51. People v. Vielman, 31 A.D.3d 674 (2d Dep't 2006)(reversing conviction because prosecutor's summation rested on a "false premise" and was a "blatant attempt to mislead the jury");

52. People v. Jones, 31 A.D.3d 666 (2d Dep't 2006)(prosecution fails to correct the false testimony of a key witness);

53. People v. Thompson, 54 A.D.3d 975 (2d Dep't 2008)(prosecutor suppressed "Brady material" indicating someone other than the defendant committed the crime);

54. Waston v. Greene, 2009 WL 5172874 (E.D.N.Y. 2009)(Ross, J.)(DA disclosed Brady material "too late" for the defense to make use of it even though they were aware of material "more than a year in advance of trial");

55. People v. Malik, 25 Misc.3d 1214(A) (Sup. Ct. Kings County 2009)(Goldberg, J.)(prosecution's suppression of police report and other documents required vacatur of conviction);

56. People v. Fuentes, 12 N.Y.3d 259 (2010)(prosecutor improperly withheld one-page of notes from medical records of complainant containing potentially favorable evidence for the defense; two judges find the suppression was "deliberate".)