# EXHIBIT C

Lopez v. City of New York,
Exhibit B

1. People v. Cortez, 149 Misc.2d 886 (Sup. Ct. Kings Co. 1990): Police violated "spirit" of Brady by intentionally destroying a tape they were ordered by the court to preserve. The court found that the D.A.'s office shared responsibility and the indictment was dismissed.

2. People v. Moss, 176 A.D.2d 826 (2d Dept. 1991): Conviction reversed for police officer's loss and/or destruction of contemporaneous description of the defendant.

3. People v. Clausell, 182 A.D.2d 132 (2d Dept. 1992): Police failed to disclose buy report with description of suspect that was inconsistent with officer's testimony. New trial ordered for Brady violation.

4. People v. Nikollaj, 155 Misc.2d 642 (Sup. Ct. Bronx County 1992): New trial ordered for Rosario violations where police failed to turn over numerous inconsistent statements of complainant officers. Court also criticized police for placing defendant in a lineup consisting of Bronx police officers as fillers, despite fact that complainants were also Bronx police officers.

5. People v. Dunn, 185 A.D.2d 54 (1st Dept. 1993): Conviction reversed in part where, among other things, police detective destroyed interview notes.

6. People v. Morrow, 204 A.D.2d 356 (2d Dept. 1994): Conviction reversed where a significant portion of police report was not disclosed.

7. People v. White, 200 A.D.2d 351 (1st Dept. 1994): Conviction reversed where DD5 containing Brady and Rosario material was not disclosed, and only was discovered through defendant's post-conviction FOIL request to the NYPD and Bronx DA's Office.

8. People v. Anderson, 222 A.D.2d 442 (2d Dept. 1995): Conviction reversed where scratch notes lost or destroyed due to officer's "lack of due care."

9. People v. Brogdon, 213 A.D.2d 418 (2d Dept. 1995): Conviction reversed where notes made by NYPD sergeant were withheld from defendant, and where identification by undercover "cannot be said as a matter of law" to have been "merely confirmatory and not suggestive."

10. People v. Joseph, 86 N.Y.2d 565 (1995): Adverse inference instruction appropriate where police deliberately destroyed interview notes.

11. People v. White, 232 A.D.2d 436 (2d Dept. 1996): Conviction reversed due to loss of police officer's memo book through lack of due care, where there was a serious identification issue, and defendant was prejudiced by his inability to cross-examine officer using missing memo book.

12. Peoplev. Gallman, 240 A.D, 2d 512 (2d Dept. 1997): Conviction reversed for failure to disclose notes of police interview with a key witness; officer's typewritten notes were not duplicative equivalent because they contained "variations".

13. People v. Jackson ,237 A.D.2d 179 (lsl Dept. 1997): Conviction reversed for Brady violation consisting of the withholding by the police of internal affairs reports that contained entries that significantly were at variance with prosecution's evidence at trial and were favorable to defendant.

14. People v. Branch , 175 Misc.2d 933 (Sup. Ct. Kings County 1998): People successfully fought motion to vacate judgment based upon confession of real killer; conviction overturned in 2002 after key prosecution witness recanted and said police paid him for his cooperation.

15. People v. Cannon, 191 Misc.2d 136 (Sup. Ct. Kings Co. 2002): Motion to vacate conviction denied, but Brooklyn D.A.'s office and NYPD warned of future sanctions if the police continue policy of destroying or failing to preserve evidence.